UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                              CASE NO.  8:96-cr-64-T-23TBM

JACK WADE WARREN

_____/

## **ORDER**

Warren moves (Doc. 1502) under Rule 60(b), Federal Rules of Civil Procedure,

for relief from a criminal judgment.  A June 30, 2017 order (Doc. 1515) grants

Warren's first Rule 60(b) claim, construed as a motion under Rule 36, Federal Rules

of Criminal Procedure, to correct a clerical error in the judgment.  After the United

States alerted Warren that the second Rule 60(b) claim improperly challenges the

validity of the sentence, Warren moves (Doc. 1510) to construe the second claim as a

motion to vacate under 28 U.S.C. § 2255.

The June 30 order warns Warren that the limitation for a Section 2255 motion

expired and that the second Rule 60(b) claim, if construed as a Section 2255 motion,

is dismissible as time-barred.  Because certain consequences and restrictions

accompany a Section 2255 motion, the June 30 order offers Warren a choice to

construe the second Rule 60(b) claim as a Section 2255 motion.  Warren persists

(Doc. 1518) in moving to vacate and adds a claim that his trial counsel failed to

request a competency exam before trial.  Warren alleges that, except for the "extreme

conditions" of his incarceration and the resulting adverse affect on his mental health, he would have pleaded guilty (although not one of the other ten defendants in this action pleaded guilty).

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing Section 2255 Cases], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .' "); *United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

Warren's second Rule 60(b) claim, construed as a Section 2255 motion, is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court can question *sua sponte* the timeliness of a petition for the writ of habeas corpus).

Section 2255(f)(1) states in pertinent part, "A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final . . . ." The United States concludes that Warren's judgment, entered on July 9, 1998, became final on January 14, 2004. (Doc. 1507 at 2) Warren offers no opposition to that conclusion. If the judgment became final on January 14, 2004, Warren's second Rule 60(b) claim (Doc. 1502), construed as a Section 2255 motion, is more than eleven years tardy.

The June 30 order directed Warren to show cause why the second Rule 60(b) claim, if construed as a Section 2255 motion, should not be dismissed as time-barred under 28 U.S.C. 2255(f). Warren's response (Doc. 1518) fails to address the issue.

Charitably construed, the second Rule 60(b) claim (Doc. 1510) asserts entitlement to a new limitation under Section 2255(f)(3), which permits a Section 2255 motion within a year after the day "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In his attempt to establish a renewed limitation under Section 2255(f)(3), Warren relies on *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), which holds that on direct appeal and for the purpose of showing an adverse effect on a "substantial right," which is necessary to show a "plain error" under Rule 52(b), a defendant can assert an objection, unpreserved in the district court, to an incorrect advisory guidelines calculation. The central issue in *Molina-Martinez* is whether the defendant

bears the burden of showing that an incorrect and adverse guidelines calculation sufficiently establishes the likelihood of a longer sentence to show an adverse effect on a substantial right. In short, *Molina-Martinez* discusses a circumstance under which an unpreserved objection is available under Rule 52(b) on direct appeal. *Molina-Martinez* neither announces that a "right has been newly recognized" nor applies that "newly recognized" right retroactively. *Molina-Martinez* offers Warren no help.

Also, in *Molina-Martinez* the litigants agreed that at the sentencing the probation office, the defense, the prosecution, and the district judge had overlooked an inarguable mistake in the guidelines calculation. Molina-Martinez first raised his objection to the guidelines calculation in a *pro se* response to his attorney's *Anders* brief. 136 S.Ct. at 1344. Warren has not and cannot show an error — overlooked or otherwise (the district court has corrected the scrivener's error that occurred) — in his sentence. Warren asserts that Section 5G1.3 and 18 U.S.C. § 3584 require a sentence in Tampa in the present action that is concurrent to the sentence in Orlando in a different action (Case No. 6:95-cr-209-Orl-22). Warren contends that because both criminal schemes are identical, "a new judgment must issue running the sentences concurrently." (Doc. 1502 at 8) But nothing in the version of Section 5G1.3 effective in July 1998 (or now) and nothing in 18 U.S.C. § 3584 (then or now) requires concurrent sentences in this instance. Warren's criminal scheme in Tampa and Warren's criminal scheme in Orlando are arguably similar only insofar as each

scheme involves violent, coercive, anti-government activity, threats, and plans. But the schemes share nothing else. In the Orlando case, Warren and two co-conspirators, Jack Franz, and Laurent Moore, used threatening mailings and threatening phone calls to execute a scheme involving fraudulent commercial liens. After the Orlando crime was complete, Warren and ten co-conspirators in the Tampa case (including Franz and Moore) began a campaign of obstructing the prosecution of his Orlando case — a separate crime. Warren's claim of a commonality between the Tampa scheme and the Orlando scheme fails.

In any event, *Molina-Martinez* is not a vehicle available to Warren to assert through a tardy motion under Section 2255 that the guidelines require a Tampa sentence concurrent with his Orlando sentence. Even if applicable on collateral review, *Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review. The January 14, 2005 limitation remains in effect and bars Warren's motion.

Accordingly, Warren's motion to construe the second Rule 60(b) claim as a Section 2255 motion (Doc. 1510) is **GRANTED**. Warren's construed Section 2255 motion (Doc. 1502) and Warren's motion to amend (Doc. 1518) are **DISMISSED** as time-barred. All remaining motions (Docs. 1519, 1514, 1509) are **DENIED** as **MOOT**. The clerk must open a civil case and file Warren's construed Section 2255 motion (Doc. 1502) and related filings as a new Section 2255 motion. The clerk must

(1) file a copy of this order in the new case, (2) enter a judgment against Warren, and (3) close the civil case.

## DENIAL OF BOTH
## A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Warren is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Warren must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the motion to vacate is clearly time-barred, Warren is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED.** Warren must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on October 5, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE